# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DEMETRIA DAVIS, individually and on behalf of all other similarly situated individuals,

    Plaintiff,

v.

ATHENAHEALTH, INC.,

    Defendant.

Civil Action No.:

## COLLECTIVE ACTION COMPLAINT

Plaintiff Demetria Davis ("Plaintiff"), by and through her attorneys, Mays & Kerr, LLP and Nichols Kaster, LLP, on behalf of herself and the Collective as defined below, bring this Collective Action Complaint against Athenahealth, Inc. ("Athenahealth" or "Defendant"). Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 because this

1

action asserts claims arising under federal law, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Defendant Athenahealth is a Delaware corporation doing business throughout the United States, including in Atlanta, Georgia. At times relevant to this action, Athenahealth qualifies as Plaintiff's and the Collective's "employer" engaged in interstate commerce and/or the production of goods for conmmerce, within the meaning of the FLSA, 29 U.S.C. § 203(d), (g). Specifically, Athenahealth sells its products and services to healthcare providers nationwide. At all relevant times, Defendant's gross annual sales made or business done have been in excess of $500,000.

4. Plaintiff Demetria Davis is an adult resident of Fulton County, Georgia. Plaintiff Davis worked for Athenahealth as a client implementation support analyst from approximately July 2015 through July 13, 2016. Plaintiff worked for Athenahealth in its Atlanta, Georgia office and also traveled to

customer locations in various states. Plaintiff qualified as an "employee" as defined by the FLSA, 29 U.S.C. § 203(e)(1).

5. Plaintiff has consented in writing to assert claims for unpaid overtime under the FLSA, 29 U.S.C. § 216(b). (*See* Ex. A.) Additional opt-in Plaintiffs have also consented in writing to join this case. (*See id.*) As the case progresses, it is likely that other individuals will sign consent forms and join this action as opt-in Plaintiffs as the case proceeds.

## **FACTUAL ALLEGATIONS**

6. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

7. Defendant provides medical records software and services to hospitals and medical groups across the country. Its marketplace offerings include on-site support when customers "go-live" with Defendant's software products, and customer service phone support.

8. Plaintiff and the Collective work(ed) for Defendant as client implementation support analysts or in similar positions, during the statutory period. For example, the same job may have also been referred to as "client support go live analyst." Plaintiff and the Collective provide(d) "go live" service support on

location with customers and customer service phone support from Defendant's offices.

9. Plaintiff and the Collective are or were employed by Defendant within the meaning of the FLSA.

10. Defendant improperly classified Plaintiff and the Collective as exempt from the FLSA's overtime pay requirements.

11. Plaintiff and the Collective routinely worked over forty (40) hours in a workweek and were not compensated by Defendant with overtime pay for the overtime hours they worked. By way of example only, Plaintiff was often on location with customers for a week or more at a time. Plaintiff often traveled on Sunday, and then spent Monday through Friday at the customer location. Plaintiff often arrived at the customer's location before it opened for the day, remained on location working throughout the day, and stayed on location after the office was closed for the day. Plaintiff often flew home on Friday afternoons after 2:00 pm. As a result, Plaintiff often worked well over 40 hours in a week. One such week was January 31, 2016 through February 5, 2016, when Plaintiff worked on location in Muskegon, Michigan.

12. Defendant also required members of the Collective to work long overtime hours, just like Plaintiff. By way of example only, opt-in Plaintiffs who

have joined this case worked a similar schedule to Plaintiff in that they also often traveled on Sundays, worked at customer sites for a week or more at a time, and were required to be on customer location before the office opened for the day, stay on location working throughout the day, and remain after it closed at the end of the day, leading to many weeks in which they worked more than 40 hours.

13. Defendant was both aware of and required this overtime work. Defendant was aware of the travel schedule of Plaintiffs and the Collective. Defendant's supervisory employees instructed Plaintiff and members of the Collective as to when they were required to arrive at customer's locations, how long they should remain on location, and what they should do throughout the day.

14. Defendant is aware of the FLSA's requirements, as evidenced by its recent decision to reclassify client implementation support analysis as FLSA non-exempt.

15. Defendant's failure to pay overtime wages under these circumstances was willful and reckless.

**COLLECTIVE ACTION ALLEGATIONS**

16. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

17. Plaintiff brings this action on behalf of herself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals work(ed) as client implementation support analysts, and in other positions with similar job titles and/or job duties for Defendant. The proposed Collective is defined as follows:

> All persons who worked as client implementation support analysts and in other positions with similar job titles and/or job duties for Defendant at any time from three years prior to the filing of this Complaint through entry of judgment (the "Collective").

18. Plaintiff and other opt-in Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Their consent forms are attached hereto for filing as Exhibit A. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

19. Plaintiff and the Collective regularly worked over 40 hours in a week. Defendant improperly classified Plaintiff and the Collective as FLSA exempt and failed to pay them overtime when they worked more than 40 hours in a week.

20. Defendant is and was aware that Plaintiff and the Collective worked under these conditions. Despite that knowledge, Defendant denied them overtime compensation.

21. Defendant failed to make, keep, and preserve records of the hours worked by Plaintiff and the Collective.

22. Defendant's unlawful conduct is widespread, repetitious, and consistent, affecting Plaintiff and the Collective.

23. Defendant's conduct is willful and in bad faith, and has caused significant damages to Plaintiff and the Collective. Defendant is and was aware that Plaintiff and the Collective performed non-exempt work that required overtime pay.

24. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the Collective.

25. Notice of this action should be sent to the Collective. There are numerous similarly situated current and former employees of Defendant who have been denied appropriate compensation in violation of the FLSA, who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT ONE
## OVERTIME VIOLATION
### Fair Labor Standards Act, 29 U.S.C. § 201, et. seq.

26. The FLSA, 29 U.S.C. § 207, requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) per workweek.

27. Plaintiff and the Collective are employees entitled to FLSA overtime compensation for all hours worked in excess of forty (40).

28. Plaintiff and the Collective routinely work(ed) in excess of forty (40) hours per week, but did not receive the appropriate overtime compensation from Defendant.

29. By failing to pay overtime compensation, Defendant violated the FLSA.

30. By failing to record, report, and/or preserve records of hours worked by Plaintiff and the Collective, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 255(a).

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the Collective are entitled to their unpaid overtime wages, liquidated damages, and attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and the Collective, prays for relief as follows:

> A. Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);
>
> B. Judgment that Plaintiff and the Collective are non-exempt employees entitled to protection under the FLSA;
>
> C. Judgment against Defendant for violation of the overtime provisions of the FLSA;
>
> D. Judgment that Defendant's violations were willful;
>
> E. An award in an amount equal to unpaid back wages due to Plaintiff and the Collective at the applicable overtime rate;

F. An award to Plaintiff and the Collective for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

G. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216 and/or other applicable laws;

H. An award of prejudgment interest to the extent liquidated damages are not awarded;

I. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J. Leave to amend to add state law claims; and

K. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: September 26, 2016  **MAYS & KERR, LLC**

s/John L. Mays
John L. Mays
Georgia Bar No. 986574
235 Peachtree St. NE
202 North Tower
Atlanta, GA 30303
Direct/Fax: (404) 855-0820
john@maysandkerr.com

**NICHOLS KASTER, LLP**
Matthew C. Helland, CA Bar No. 250451*
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Tel: (415) 277-7235
Fax: (415) 277-7238
helland@nka.com

10

**NICHOLS KASTER, PLLP**
Reena I. Desai, MN Bar No. 0388311*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
desai@nka.com
*pro hac vice admissions forthcoming*

**ATTORNEYS FOR PLAINTIFF AND THE COLLECTIVE**