# EXHIBIT 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEMETRIA DAVIS, individually and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>ATHENAHEALTH, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 1:16-cv-03592-SCJ<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between the following parties: (1) Demetria Davis, Jasmine Stevenson, Chevonah B. Lynn, Julius M. Murry, Essence Clark, Yolanda Evette Hardy, Dedrick Chandler, Jacque Mason, Morgan Munlin, Lanise Lewis, Jasmine Grady, Keisha Hall, Ziggy Moodie, Lonna Diaby, Maurice V. Murrill, Nathalie C. Cuestas, Folashade Ayanwale, Patricia Davis, Brandon Smith, Tiffanee Nolan, Andre Washington, Sonny Means, Lauren Osburn, Shaunte Davis, Helen Hampton, Kendra Fisher, Raven Charlden, Bobby Gibson, Weldon Gregory Henson III, Akeem Callaway, Shaunteh N. Blanks, Andria Williams, Brittany Riddock, Kim Gonzalez, Carla Lewis, Doris Sparks, Enyinnah Honorine, James Taylor, Jessica McCulley, Nantaffle Grant, Reginald Ball, Bryan Coleman, John Wilson, Jorielle Williams, Laura Leigh Bell, Lauren Dupree, Nichelle Barney, Sharon Thomas-Logan, Teresa Hodge, Vincent Martyr, Daniel Martin, Kimberly Howell-Johnson, Michael Cohen, Monique Johnson, Wanda Wilder, Gladys Gaines, Shyteia Cosby, Siedah Roberts, Tyrus Tillman, Andrea M. Smith, Deborah Wilson, Erskin T. Graham, Rishawn M. Conerly, Kenyatta Dawson, Shavon Hunter, Tocarra Rainer, Danita Constable, Camille Gonzalez, Katherine Bailey, Rachel Penney, Elizabeth Kiernan, and their heirs, executors, administrators, successors, and assigns

(collectively referred to as "Plaintiffs"); and (2) athenahealth, Inc. ("athenahealth"). The parties hereto agree to the following:

1.    **Consideration.** In consideration for signing this Settlement Agreement and Release, and complying with its terms:

a.    athenahealth agrees to pay to Plaintiffs and their counsel a maximum total of Three-Hundred Ninety-Eight Thousand, One-Hundred Thirty Dollars and zero cents ($398,130.00). This amount does not include the employer's share of all required payroll taxes. This payment shall be apportioned as follows:

> (1) athenahealth will collectively pay Plaintiffs a total potential sum of $308,130. Half of the foregoing amount will represent back wages and half will represent liquidated damages, penalties, and interest. Required federal and state income and employment taxes shall be withheld from the wage portions of the payments, but no deductions shall be made from the non-wage portions of the payments. athenahealth will issue to Plaintiffs Form W-2s for the back wage portions of the payments and Form 1099s (box #3) for the non-wage portions of the payments. athenahealth shall pay the employer's share of all required payroll taxes on the foregoing payments. This payment will be allocated among and distributed to Plaintiffs and Opt In Plaintiffs consistent with Exhibit A. The allocation is subject to adjustments agreed to by counsel for the parties, and includes a $1,500 named plaintiff service payment to Plaintiff Demetria Davis.

> (2) Subject to court approval, athenahealth will pay Plaintiffs' counsel, Nichols Kaster, PLLP, $90,000 only in attorney's fees and costs. athenahealth will issue to Nichols Kaster, PLLP a Form 1099 (box #14) for this payment. If the Court does not approve any part of the attorneys' fee/cost award, Defendant shall not pay any fees/costs that are not approved by the Court and the remainder of this Agreement remains valid and enforceable subject to all available appellate rights

relating to Plaintiffs' fees/costs application.[1]   Both Parties agree not to appeal the enforceability of the remainder of the settlement agreement regardless of the Court's approval or non-approval of the attorneys' fee/cost award.   Plaintiffs bear all fees/costs in excess of the $90,000.

(3) athenahealth will issue the foregoing payments within forty-five (45) calendar days after the United States District Court for the Northern District of Georgia approves the terms of this settlement, dismisses the lawsuit and the period in which individuals can file claims expires, whichever is latest.

(4) The Parties will evenly split the cost of the Parties' mediation with Ellen Malow of Malow Mediation & Arbitration, Inc.

b.      Plaintiffs agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Northern District of Georgia in conjunction with the case captioned Davis, et al. v. athenahealth, Inc. Case No. 1:16-cv-03592-SCJ (N.D. Ga.) (the "Litigation"). athenahealth agrees not to oppose Plaintiffs' counsel's request to the Court for an award of fees and costs.  Upon approval of this settlement by the Court, Plaintiffs agree to take all action necessary to have the claims in the Litigation dismissed with prejudice, subject to the terms of paragraph "3" below.   Both Parties preserve all appellate rights in the instance the Court amends any portion of this Agreement.   Except as outlined in paragraph 1(a)(2) above, the Parties waive all rights to appeal if this Agreement is approved by the Court.

2.      **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph "1" above, except for the execution of this Settlement Agreement and Release and the fulfillment of the promises contained herein.

---

[1] Should Plaintiffs appeal some or all of the Court's attorney's fee award, Defendant shall not owe any additional fees for such an appeal.

3.     **Release of Claims**.  Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, each Plaintiff accepting the consideration specified in paragraph "1" above releases and forever discharges (i) athenahealth; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of athenahealth; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, the "athenahealth Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation based on the factual allegations in the Complaint, whether known or unknown, during the period that each Plaintiff held the position of Senior Client Implementation Support Analyst between February 1, 2015 and September 4, 2016, limited to overtime wage and hour claims under federal, state, or local law, including such claims under the Fair Labor Standards Act or any state wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for overtime hours worked.  The parties agree that the dismissal with prejudice to be filed in the Litigation shall have no *res judicata* effect on any other claims not released by this Agreement.

4.     **Governing Law and Interpretation.**     This Settlement Agreement and Release shall be governed and interpreted in accordance with the laws of Georgia.

5.     **Nonadmission of Wrongdoing**.  The Parties agree that neither this Settlement Agreement and Release nor the furnishing of the consideration for this Settlement Agreement and Release shall be deemed or construed at any time for any purpose as an admission by the athenahealth Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6.     **Amendment**.  This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement Agreement and Release.

7. **Entire Agreement.** This Settlement Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, other than the Parties' "Term Sheet" which is incorporated herein. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

8. **Counterparts.** This Settlement Agreement and Release may be executed in one or more counterparts and by facsimile or email. All executed copies of this Settlement Agreement and Release, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

9. **Invalid Without Court Approval.** This Settlement Agreement and Release is subject to approval by the United States District Court for the Northern District of Georgia in the Litigation. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever regarding the pursuit of the claims or defenses at issue in the Litigation. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release, but the Parties shall be required to request immediate referral to a U.S. Magistrate Judge for a second mediation, to address any issues precluding enforcement by the Court.

10. **Signature Required By Opt In Plaintiffs**. Because each Opt In Plaintiff must individually agree to be bound by any settlement or judgment via their Consent to Join Forms, and because this Settlement Agreement and Release must be approved by the Court, each Plaintiff shall be sent a notice of settlement and release form, which they must sign and return to participate in the settlement within 45 days of the dissemination of the notice of settlement. The Notice and claim form is attached hereto as Exhibit B. Each Plaintiff may reject their settlement allocation, in which case they will be dismissed from the case without prejudice in conjunction with settlement approval and have 30 days from the time of dismissal to refile their individual claims. The allocation for any Plaintiff who

rejects their settlement shall remain the property of athenahealth.  Any Plaintiff who neither accepts nor rejects their settlement is a non-responding Plaintiff.  They shall be dismissed from the case without prejudice and have 30 days from the time of dismissal to refile their individual claims.   The allocation for any non-responding Plaintiff shall remain the property of athenahealth.

11.    **Non-Publicity.**  The Parties shall not issue any press releases regarding this Agreement.  The Parties and their counsel may reasonably respond to inquiries from employees or the press regarding this Agreement.

12.    **Acknowledgment    of    Potential    Claims.**        Plaintiffs acknowledge that athenahealth maintains potential claims for unpaid credit card balances, return of a company laptop, and payback of a relocation stipend against Plaintiffs Demetria Davis, Andria Williams, Maurice Murrill, Kimberly Johnson, Akeem Callaway, Monique Johnson, Tyrus Tillman, Jasmine Stevenson, Enyinnah Johnson, Gladys Gaines, Erskin Graham, Jorielle Williams, Bryan Coleman, Wanda Wilder, Kenyatta Dawson, Jacque Mason, Weldon Henson and Rishawn Conerly, and that this Agreement shall have no effect on such potential claims, and that athenahealth may choose to pursue collection of those amounts in the future.

13.    **Retention of Jurisdiction**.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

**PLAINTIFF IS ADVISED THAT SHE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE.   PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE.**

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

**athenahealth, Inc.:**

By: _Jacob Scott_    Date: _4/18/2017_

Its: _Associate General Counsel_

**DEMETRIA DAVIS:**

Date: _4/6/17_

# EXHIBIT A

| Junction_ID | First_Name | Last_Name | Pro Rata Allocation | Service Payment | Total Allocation |
|---|---|---|---|---|---|
| 6051468 | ███████ | ██████ | $2,166.59 | | $2,166.59 |
| 6055200 | ██████ | ████ | $2,054.03 | | $2,054.03 |
| 6055149 | ████ | ███ | $3,351.84 | | $3,351.84 |
| 6055159 | █████ | ████ | $5,603.69 | | $5,603.69 |
| 6055157 | ███████ | ███ | $8,380.43 | | $8,380.43 |
| 6055186 | █████ | ████ | $2,713.92 | | $2,713.92 |
| 6055132 | █████ | ██████ | $7,964.94 | | $7,964.94 |
| 6021197 | █████ | ██████ | $6,912.59 | | $6,912.59 |
| 6055067 | ████ | ██████ | $2,081.41 | | $2,081.41 |
| 6021193 | █████ | ███ | $3,230.37 | | $3,230.37 |
| 6055168 | ██████ | █████ | $7,751.90 | | $7,751.90 |
| 6055151 | ████ | █████ | $5,070.52 | | $5,070.52 |
| 6055201 | █████ | █████ | $1,930.10 | | $1,930.10 |
| 6055195 | ██████ | ██████ | $1,383.47 | | $1,383.47 |
| 6055177 | ████ | ████ | $683.45 | | $683.45 |
| 6055045 | ████ | █████ | $6,237.36 | | $6,237.36 |
| 6045044 | █████ | ████ | $4,908.50 | $1,500.00 | $6,408.50 |
| 6052800 | ███ | ████ | $3,008.12 | | $3,008.12 |
| 6055031 | ██████ | █████ | $5,700.98 | | $5,700.98 |
| 6055188 | █████ | █████ | $4,459.69 | | $4,459.69 |
| 6051431 | ████ | █████ | $9,952.56 | | $9,952.56 |
| 6055158 | ████ | █████ | $5,269.27 | | $5,269.27 |
| 6055065 | ████ | ████ | $2,061.62 | | $2,061.62 |
| 6055175 | ████ | ████ | $1,027.39 | | $1,027.39 |
| 6055123 | ████ | ████ | $6,991.87 | | $6,991.87 |
| 6055136 | ███ | █████ | $2,441.30 | | $2,441.30 |
| 6055196 | ████ | █████ | $1,780.81 | | $1,780.81 |
| 6045043 | █████ | ████ | $5,581.83 | | $5,581.83 |
| 6055182 | ████ | █████ | $3,074.96 | | $3,074.96 |
| 6055148 | █████ | ████ | $3,813.27 | | $3,813.27 |
| 6051415 | ████ | ███ | $4,077.83 | | $4,077.83 |
| 6055041 | ███ | █████ | $5,560.48 | | $5,560.48 |
| 6021195 | █████ | █████ | $4,623.47 | | $4,623.47 |
| 6055125 | █████ | ██████ | $5,054.98 | | $5,054.98 |
| 6055162 | ████ | █████ | $2,421.92 | | $2,421.92 |
| 6055144 | █████ | █████ | $6,615.47 | | $6,615.47 |
| 6055167 | █████ | ████████ | $2,818.29 | | $2,818.29 |
| 6055191 | █████ | █████ | $3,380.99 | | $3,380.99 |
| 6055169 | █████ | █████ | $2,704.79 | | $2,704.79 |
| 6055205 | █████ | █████ | $500.00 | | $500.00 |
| 6021204 | ████ | ████ | $7,415.69 | | $7,415.69 |
| 6055139 | ████ | ████ | $5,287.41 | | $5,287.41 |
| 5994403 | █████ | ████ | $4,101.48 | | $4,101.48 |
| 6055166 | ████ | █████ | $2,955.70 | | $2,955.70 |
| 6055163 | ██████ | █████ | $8,001.28 | | $8,001.28 |
| 6021198 | ████ | █████ | $500.00 | | $500.00 |

| Junction_ID | First_Name | Last_Name | Pro Rata Allocation | Service Payment | Total Allocation |
|---|---|---|---|---|---|
| 6055146 | ■ | ■ | $7,362.53 | | $7,362.53 |
| 6055010 | ■ | ■ | $5,545.33 | | $5,545.33 |
| 6051425 | ■ | ■ | $6,174.85 | | $6,174.85 |
| 6021200 | ■ | ■ | $3,573.84 | | $3,573.84 |
| 6051454 | ■ | ■ | $4,621.32 | | $4,621.32 |
| 6021194 | ■ | ■ | $9,186.86 | | $9,186.86 |
| 6055000 | ■ | ■ | $4,125.12 | | $4,125.12 |
| 6055026 | ■ | ■ | $5,860.73 | | $5,860.73 |
| 6055203 | ■ | ■ | $500.00 | | $500.00 |
| 6055194 | ■ | ■ | $500.00 | | $500.00 |
| 6055134 | ■ | ■ | $4,290.37 | | $4,290.37 |
| 6055178 | ■ | ■ | $3,110.06 | | $3,110.06 |
| 6054978 | ■ | ■ | $10,427.42 | | $10,427.42 |
| 6055180 | ■ | ■ | $574.68 | | $574.68 |
| 6055143 | ■ | ■ | $4,624.33 | | $4,624.33 |
| 5994368 | ■ | ■ | $3,354.18 | | $3,354.18 |
| 6055145 | ■ | ■ | $4,044.93 | | $4,044.93 |
| 6055160 | ■ | ■ | $4,052.58 | | $4,052.58 |
| 6055179 | ■ | ■ | $4,410.83 | | $4,410.83 |
| 6055002 | ■ | ■ | $8,866.71 | | $8,866.71 |
| 6055172 | ■ | ■ | $1,001.85 | | $1,001.85 |
| 6055164 | ■ | ■ | $2,057.23 | | $2,057.23 |
| 6055156 | ■ | ■ | $3,958.31 | | $3,958.31 |
| 6055155 | ■ | ■ | $1,785.11 | | $1,785.11 |
| 6055181 | ■ | ■ | $7,012.27 | | $7,012.27 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| DEMETRIA DAVIS, individually and on behalf of all similarly situated individuals, | ) ) ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) Case No. 1:16-cv-03592-SCJ |
|  | ) |
| ATHENAHEALTH, INC., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**PLEASE READ THIS NOTICE CAREFULLY
YOUR LEGAL RIGHTS WILL BE AFFECTED**

**NOTICE OF SETTLEMENT FOR [INSERT NAME]**

**IN THE APPROXIMATE, PRE-TAX AMOUNT OF [INSERT AMOUNT]**

You are receiving this notice from Plaintiffs' counsel because you signed a "Plaintiff Consent Form" to join this lawsuit, Davis v. Athenahealth, Inc., in the United States District Court for the Northern District of Georgia, as an opt-in Plaintiff and have agreed to have Plaintiffs' counsel, Nichols Kaster, PLLP, represent you in the case.  The parties reached an agreement to settle this lawsuit, which has been approved by the court.  This Notice provides you with information about the settlement and instructions for recovering your share.

**TO OBTAIN YOUR SHARE OF THE SETTLEMENT, YOU MUST COMPLETE THE ENCLOSED CLAIM FORM AND RETURN IT SO IT IS POST MARKED BY [45 days from mailing].  A postage-paid envelope is provided with this Notice for your convenience.  If you return the Claim Form on or before the deadline and the Court approves the settlement, athenahealth will issue you a settlement payment in the approximate pre-taxed amount indicated above and in the manner outlined in this Notice.  If you do not return the Claim Form, you will not receive your settlement share.**

## I.     DESCRIPTION OF THE LAWSUIT

This lawsuit was filed on September 26, 2016, under the Fair Labor Standards Act ("FLSA") on behalf of the named plaintiff and all other similarly situated individuals who were, or are, employed by Defendant athenahealth, Inc. as a Senior Client Implementation Support Analyst. Plaintiff alleged that Defendant denied her and all other Senior Client Implementation Support Analysts overtime compensation by misclassifying them as exempt from the overtime protections of the FLSA.  Defendant denied these allegations.

The parties stipulated to conditional certification of the collective class and agreed to attend mediation after all eligible Senior Client Implementation Support Analysts were provided notice of the lawsuit and given the opportunity to join the case.  The parties attended a mediation on March 8, 2017, with a private mediator and reached a tentative settlement at that time.  If the parties had not reached an agreement, they would have engaged in extensive discovery (exchange of information) including plaintiff depositions, depositions of corporate witnesses and supervisors, and written discovery, and a possible trial.

## II.    SETTLEMENT DETAILS

The parties fully executed a comprehensive settlement agreement on ***.  After the Court's approval of the settlement and dismissal of the case, athenahealth will pay $308,130.00 to resolve all 71 Plaintiffs' overtime claims.  After a deduction of $1,500 for a service payment to named Plaintiff Davis for serving as a named plaintiff and her contributions to the case, as well as $2,000 reserved for a contingency fund (unused portions will be reallocated to Plaintiffs pro rata), the individual settlement amounts were allocated using a specific formula as set forth below.

Each Plaintiff's settlement amount was individually calculated and consists of a pro rata payment based upon the following factors:  (1) each Plaintiff's dates of employment as a senior client implementation support analyst; (2) each Plaintiff's workweeks broken down by training weeks, Go Live weeks, and in office weeks; (3) a uniform number of overtime hours assigned to training, Go-Live and in-office weeks; and (4) each Plaintiff's compensation for that time.  A minimum of $500 was applied.

Athenahealth and will pay an additional $90,000 in fees and costs to Plaintiffs' counsel.  **Please note that attorneys' fees and costs is being paid separately by athenahealth and the approximate settlement amount listed on the top of Page 1 will not be subject to deductions for attorneys' fees or costs.**

Further, the parties agree not issue any press releases regarding this Settlement.  The parties and their counsel may reasonably respond to inquiries from employees or the press regarding the Settlement.

## III.    TAXES

athenahealth will issue two settlement checks to each plaintiff participating in the settlement.  The first check will constitute one-half of the settlement payment and will be reported as wages for tax purposes, and subject to the standard deductions.  Athenahealth will issue an IRS Form W-2 for this portion of the settlement payment.  The second check will cover the remaining half of the settlement payment and shall constitute payment for liquidated damages.  This portion will be reported on an IRS Form 1099.

Please note that your approximate settlement amount listed at the top of Page 1 **is the pre-tax amount**.

## IV.    TO ACCEPT YOUR SETTLEMENT AMOUNT

To receive your settlement payment, the enclosed Claim Form must be signed and postmarked by [**45 days from mailing**].  A postage-paid envelope is provided with this Notice.  You may also fax it, or scan and email it to Plaintiffs' counsel at the contact information below:

**NICHOLS KASTER, PLLP (Attn. Reena Desai)**
**4600 IDS Center**
**80 South Eighth Street**
**Minneapolis, MN 55402**

**Fax: (612) 215-6870 or (612) 338-4878**
**Email: forms@nka.com**

### V.      TO REQUEST EXCLUSION FROM THE SETTLEMENT

If you do not want to receive a payment from this settlement, and you want to retain your claims against athenahealth for overtime violations on your own, then you must take affirmative steps to exclude yourself.  To be excluded from the settlement, you must notify Plaintiffs' counsel (Nichols Kaster, PLLP) in writing, by e-mail or letter – called a "Request for Exclusion" at the address above or to rdesai@nka.com.  The letter must be postmarked by **[45 days from mailing]**. The Request for Exclusion must include your name and address and must clearly state that you are requesting to be excluded from the Parties' settlement in the lawsuit <u>Davis v. athenahealth, Inc</u>.

**If you choose to exclude yourself from the settlement, you will not have a right to receive any money from the settlement of this lawsuit,** but your claims will be dismissed by the Court without prejudice, your settlement share retained by athenahealth, and you will have 30 days from the date of dismissal to re-file your overtime claims, during which time your statute of limitations will be tolled.  If you fail to re-file any claims during this 30-day period, you could be barred from bringing these claims against athenahealth in the future due to the passage of time.

### VI.      IF YOU DO NOTHING

If you do nothing in response to this Notice, you **will not** receive any proceeds under the Settlement.  For any Plaintiff who does not respond to the settlement, his or her claims will be dismissed without prejudice, and his or her settlement allocation will retained by athenahealth.

### VII.      SCOPE OF RELEASE

By accepting this settlement, you will release all overtime claims under the Fair Labor Standards Act and analogous state and local wage and hour laws against Defendant during the period that you held the position of Senior Client Implementation Support Analyst between February 1, 2015 and September 4, 2016.  Please refer to the attached Settlement and Release Form for the full release language.

### VIII.   NO RETALIATION PERMITTED

The law prohibits retaliation against employees for exercising their rights under the FLSA.  Therefore, Defendant is prohibited from firing you or retaliating against you because you choose to participate in this settlement.

### IX.      TIMING OF SETTLEMENT PAYMENTS

athenahealth will issue the settlement payments and deliver them to Plaintiffs' counsel within forty-five (45) calendar days after the United States District Court for the Northern District of Georgia approves the terms of this settlement, dismisses the lawsuit and the period in which individuals can file claims expires, whichever is latest.

### X.      QUESTIONS ABOUT THE SETTLEMENT

Questions about the settlement, including requests to review the entire Settlement Agreement, should be

directed to Plaintiff's Counsel, Nichols Kaster, PLLP, Reena I. Desai, 4600 IDS Center, 80 South 8th Street, Minneapolis, MN 55402; 612-256-3200; Email: forms@nka.com.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEMETRIA DAVIS, individually and on behalf of all similarly situated individuals, | ) ) ) Case No. 1:16-cv-03592-SCJ ) |
| Plaintiff, | ) **CLAIM FORM** ) |
| vs. | ) ) |
| ATHENAHEALTH, INC., | ) ) |
| Defendant. | ) ) ) |

As part of the proposed settlement in the above-captioned lawsuit, I understand that I will receive a payment of approximately [enter amount] pre-tax if I return this Claim Form by [45 days from mailing]**.**

I wish to take part of the settlement.  By signing and returning this Claim Form, I understand that I release and forever discharge (i) athenahealth; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of athenahealth; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, the "athenahealth Releasees"), from any and all claims that were or could have been brought by him or her in the Litigation based on the factual allegations in the Complaint, whether known or unknown, during the period that each Plaintiff held the position of Senior Client Implementation Support Analyst between February 1, 2015 and September 4, 2016, limited to overtime wage and hour claims under federal, state, or local law, including such claims under the Fair Labor Standards Act or any state wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, or pursuant to express or implied wage contract claims for overtime hours worked.  The parties agree that the dismissal with prejudice to be filed in the Litigation shall have no *res judicata* effect on any other claims not released by this Agreement.

[I acknowledge that athenahealth reserves potential claims for unpaid credit card balances, return of a company laptop, and payback of a relocation stipend against me.] *INCLUDE ONLY FOR 17 IDENTIFIED PLAINTIFFS*

Signature:  _____     Date:  _____
[NAME]
[ADDRESS]

**If your address is incorrect, please handwrite your correct address before submitting your Claim Form.**

**To participate in the settlement, mail, fax, or scan and email this form by [45 days from mailing] to:**

**NICHOLS KASTER, PLLP (Attn. Reena I. Desai)**
**4600 IDS Center**

**80 South Eighth Street**
**Minneapolis, MN 55402**
**Fax: (612) 215-6870 or (612) 338-4878**
**Email: forms@nka.com**